**OWENS et al. v. FOWLER et al.**

Circuit Court of Appeals, Fifth Circuit.
April 25, 1929.

No. 5314.

George Butler and C. B. Snow, both of Jackson, Miss. (Earl N. Floyd, of Jackson, Miss., on the brief), for appellants.

W. H. Watkins, of Jackson, Miss. (W. H. Hughes, Watkins, Watkins & Eager, and Hughes, Nobles & Lane, all of Jackson, Miss., on the brief), for appellees.

Before WALKER and FOSTER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge. This appeal presents for review judgments in three cases that were consolidated for trial. The record supports the following conclusions as to the material facts:

Appellants had been awarded a contract by Hines county, Miss., for the construction of the dirt work and culverts of a road to run between the towns of Clinton and Bolton. When completed the road was to be hard-surfaced, but appellants did not have that part of the building to do. About three or four miles east of Bolton the road crossed the line of the Yazoo & Mississippi Valley Railroad, at which point the tracks are in a cut about 30 feet below the level of the ground. The crest of the road was about 12 feet higher than the level of the ground, and the work as completed ended about 60 feet from the railroad cut, with a drop of 12 feet to the ground which had a gradual rise of about 3 feet to the edge of the cut. The point where the road ended is referred to in the record as the "dump." It was contemplated that a bridge would be built over the railroad tracks, but this had not been done. Appellants did not have the bridge contract. About 1,300 feet from the end of the dump a detour road turned off at right angles, went around the railroad cut, and back into the new road on the other side.

The road was a federal-aid project and was being constructed under supervision of the state highway department. The contract between the county and appellants contemplated the use of the road while construction was going on and provided that appellants should establish barricades, danger warnings, and detour signs wherever these would add to the safety or convenience of the public. Appellants had not quite completed

their contract, but the road was opened and in use by the public.

On the morning of the accident, two open Ford automobiles went over the road and ran over the dump. The first car succeeded in stopping before reaching the railroad cut, but the other went over, with the result that three of its occupants were killed. This accident is the basis of the three suits. The negligence alleged and relied on by appellees was the failure of appellants to erect and maintain proper barricades, danger warnings, and detour signs for the safeguarding of the public.

Appellants contend that in the performance of their work they were agents and instrumentalities of the United States, and of a subdivision of the state of Mississippi, and therefore are not liable. There could be no doubt that appellants were independent contractors. The stipulation in the contract as to the taking of measures for the safety of the public using the road was for the benefit of the public. Furthermore, appellants had not completed their work and, with full knowledge of the danger arising from its abrupt termination at the railroad cut, they permitted the public to use it. The contention is without merit. Casement v. Brown, 148 U. S. 615, 13 S. Ct. 672, 37 L. Ed. 582.

On the question of negligence in failing to erect proper barricades, warning and detour signs, the evidence was conflicting, and this was properly left to the jury.

The record presents no reversible error. Affirmed.