**TRINIDAD ASPHALT MFG. CO., Inc., v. McINTOSH.**

No. 8898.

Circuit Court of Appeals, Fifth Circuit.

Dec. 20, 1938.

Jas. A. Cunningham, of Booneville, Miss., for appellant.

James L. Whitten, of Charleston, Miss., and George T. Mitchell, of Tupelo, Miss., for appellee.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On the morning of November 24, 1937, Tarver McIntosh, in company with Mrs. A. S. McQueen, his guest, was traveling north and going in the direction of Memphis, Tennessee, on a highway in Mississippi known as Grenada and Tallatoba Division of Highway 51. McIntosh was driving his 1936 model Chevrolet car, and about 7:30 o'clock in the morning he reached a point on the highway about eight miles north of Grenada, where the Trinidad Asphalt Manufacturing Company was constructing nine miles of paved road. At this point a detour gave to the right and a barricade was set up on the highway beyond the detour and resting partially across the highway. McIntosh came upon the barricade

suddenly after driving over the crest of a hill. He sought to avoid striking this barricade by driving around it to the left. When he applied his brakes and attempted to go around the detour sign, his car left the paved portion of the highway and overturned. Both McIntosh and Mrs. McQueen were sorely injured.

McIntosh brought suit against the Trinidad Asphalt Manufacturing Company for damages. After a jury trial, the court entered judgment for the appellee. From this judgment the Asphalt Company brings this appeal.

The sole question presented on this appeal is whether or not the court committed error in overruling the motion of the Trinidad Asphalt Manufacturing Company for a directed verdict.

The evidence reveals that McIntosh approached the barrier by driving over a hill and that he came upon the barrier while coming down the incline; that the barrier was near the bottom of the incline; that the grade was something over four per cent or a nine foot drop from the top of the hill. The evidence further disclosed that the detour road which branched off to the right, traveling north, was somewhat obscured by reason of the fact that it was lower than the main highway; that dirt had been piled at or near the point where the detour began, and was near and contiguous to the detour sign in the highway, which sign was small and could not be seen by occupants of automobiles coming over the hill until they were dangerously close to it.

The evidence is in sharp conflict as to within what distance the barricade could be seen by drivers of approaching vehicles. There is also much conflict in the evidence as to the warning signs along the highway and as to the places where located. The evidence is without conflict that four persons other than McIntosh had experienced difficulties at this same point a short time prior to the accident in question. Three witnesses testified that they had wrecks at this point.

No good purpose can be served by setting out the evidence at great length. It is voluminous and save for the evidence of the automobile accidents which occurred at the barricade, it is in conflict all the way.

Nowhere in the record have we been able to find that after these previous wrecks appellant made any changes as to the place of the barricade or brought to the attention

312

of the traveling public a better and more favorable view of the same. No further effort was made to notify the traveling public of the condition existing there. These several accidents should have warned the appellant that some other method than was being used should have been put in force to protect the public. Certainly, the defendant knew or ought to have known of the dangerous condition created by this barrier in the highway. Moreover, appellant knew or should have known that its means of warning the public of the detour at this place was a failure. "It was for the jury to say whether appellant, in the exercise of reasonable care, should have adopted some other method in the place of the one tried which was a manifest failure." Hopkins v. Miller, Miss., 183 So. 378, 379; Sporborg v. State, 226 App.Div. 113, 234 N.Y.S. 476.

It was a question for the jury to ascertain whether or not the barricade was situated in such a place and in such a way that one driving north could see it before coming within close and dangerous proximity thereto. One who exercises the privilege of closing a highway by the erection of barriers thereon owes to the traveling public the duty of erecting and constructing such barriers so that they may be readily seen at a safe distance by ordinary observation. Thomas v. Saulsbury & Co., 212 Ala. 245, 102 So. 115.

"On the question of negligence in failing to erect proper barricades, warning and detour signs, the evidence was conflicting, and this was properly left to the jury." Owens v. Fowler et al., 5 Cir., 32 F.2d 238, 239.

The court should not take the case from the jury unless, as a matter of law, no recovery can be had upon any view which can be properly taken of the evidence. Farmer v. Cumberland Tel. & Tel. Co., 86 Miss. 55, 38 So. 775; Grand Trunk Railway Co. v. Ives, 144 U.S. 408, 12 S.Ct. 679, 36 L.Ed. 485; Farmers' National Bank v. Missouri Live-stock Commission Co., 8 Cir., 53 F.2d 991.

There is no merit in the contention of the appellant that it should have been granted a directed verdict. The court gave to the jury very full and fair instructions in its oral charge. The jury was instructed that the appellee was guilty of negligence in driving over the hill and down to or near the barricade. In the light of all the evidence the charge was most favorable to the appellant and we can find no error in same.

The judgment is affirmed.