## REEVES v. ATLANTIC COAST LINE R. CO.
### No. 9665.

Circuit Court of Appeals, Fifth Circuit.

Nov. 5, 1940.

J. Hubert Farmer and Oscar L. Tompkins, both of Dothan, Ala., for appellant.

A. H. Arrington, of Montgomery, Ala., and W. L. Lee, of Dothan, Ala., for appellee.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

This is a suit by Fred Reeves, by his next friend, against the Atlantic Coast Line Railroad Company to recover for personal injuries alleged to have resulted from the negligence of the defendant railroad. At the conclusion of the evidence, and on motion, the court directed a verdict for the

defendant, and from such verdict and judgment the plaintiff appealed. The only question raised is whether the court erred in directing a verdict for the defendant.

The complaint was in three counts. Each count alleged that on January 3, 1940, as plaintiff was crossing defendant's tracks in the City of Dothan, Alabama, the defendant negligently ran an engine, attached to a train of cars against him cutting off his left foot. Trial was had upon pleas of the general issue and in short by consent with the right to give in evidence any special defense the same as if properly pleaded.

Fred Reeves testified that he was about nine years of age; that he was attending school; that in the afternoon when school was out he started on his way home; that about 2:30 he attempted to cross the railroad tracks at a place where there was no street crossing but where school children often crossed; that the tracks were straight and that he could see both ways; that as he was going across the tracks he "fell someway. I got up and started to pick up my books and had them all up and looked up and the train was close to me. I threw my books and started to run * * *. I fell, or stumbled, or something, and when I got up my foot was gone." When asked on cross-examination, "You don't know what hit your foot?" he answered, "I think the engine did."

Levon Stinson was a schoolmate of Fred Reeves. As he went home the afternoon of the accident he was walking behind Fred and along Powell Street. When Levon was near the automobile unloading platform he heard Fred "hollo." When Fred cried out, the engine and about half the train had passed the crossing. Levon found Fred sitting on the south side of the track; he did not see the accident.

C. C. Talley was engineer on the train that injured Reeves. The train was a freight train consisting of 52 cars, each car approximately 40 feet long. The train was made up in the Dothan yards west of the passenger station, and moved out of the yards going to Thomasville, Georgia, about 2:30 p. m. Talley was sitting on the right-hand or south side of the engine and as the train moved up the main track toward Cherry Street the bell was ringing and the whistle was being blown for the Cherry Street crossing. Talley had been running along that track since 1911 and was familiar with it. He was keeping a lookout

and did not see Fred Reeves or any other boys on the right of way; there was no one on the right of way. The train was traveling at a speed of 4 or 5 miles per hour. Talley did not know the plaintiff had been injured until the next day when he returned to Dothan.

Higgins Kennedy, the fireman, and George Washington, a brakeman, were on the engine keeping a lookout when the train pulled out of Dothan. The engine bell was ringing and the yard whistle was being blown for street crossings. There was nothing to obstruct their view of the right of way and they did not see plaintiff or anyone in front of them. They did not learn of the accident until the next day when they came back to Dothan.

Willie Wright, an employee of Dothan Transfer Company, remembered the day plaintiff had his foot cut off. Wright and J. D. Peterman were on a truck traveling along Powell Street. Wright saw Reeves standing "out there about the train * * * had his hands up * * * tried to catch the train * * * slung him to the ground." Wright went down to the track with Peterman and then went to call an ambulance. Peterman also remembered the accident. He, too, saw Reeves when the train was passing. When the engine was about Cherry Street Reeves ran and tried to catch the train and was thrown under it and had his foot cut off. Reeves tried to grab a hand hold on one of the cars "right middle ways of the train". The cars and not the engine cut Reeves' foot off, "The engine had done gone." Peterman and Wright were the first persons to get to Reeves after he was injured.

Ed F. Cleveland, manager of the Dothan Motor Corporation, was near the scene of the accident, heard Reeves scream, and saw two negroes get out of a truck and run to the place where the boy was injured. When Cleveland heard the boy scream he was near the tracks and the engine was "twelve or fifteen cars * * * down toward Cherry Street." Lester Tew also remembered the day of the accident. He saw two negroes get out of a truck and go over to the place where the boy was injured.

Mrs. L. P. Gause was Fred Reeves' school teacher, "He is a little above the average in common sense * * * was bright in his school work * * * made average grades." Mrs. Gause knew Fred's mother and went over to the Reeves home

after the accident. While Mrs. Reeves was telling Mrs. Gause about the accident she said the engine ran over Fred, but Fred said the engine did not run over him.

The above is substantially the material evidence in the record. A careful consideration of all the evidence shows that the defendant was in no way negligent and leads to the conclusion that the court committed no error in directing a verdict. Trinidad Asphalt Mfg. Co. v. McIntosh, 5 Cir., 100 F.2d 310(5); Interstate Circuit v. Le Normand, 5 Cir., 100 F.2d 160; Reid v. Maryland Casualty Co., 5 Cir., 63 F.2d 10(4); Farr Co. v. Union Pac. R. Co., 10 Cir., 106 F.2d 437.

The judgment is affirmed.