## C. C. MOORE CONST. CO., Inc., v. HAYES.
### No. 9833.

Circuit Court of Appeals, Fifth Circuit.
May 16, 1941.

---

M. M. Roberts, of Hattiesburg, Miss., and Claude V. Hathorn, of Columbia, Miss., for appellant.

Lee D. Hall and Toxey Hall, both of Columbia, Miss., and Edmund B. Patterson, of Monticello, Miss., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

In October, 1938, C. C. Moore Construction Company, Inc., a Florida corporation, entered into contract with the State Highway Commission of Mississippi for the construction of 9.788 miles of road in Marion County, Mississippi. A new road was to be built between Prentiss and Columbia, Mississippi, and the section to be built by Moore was to extend north from Hawkins Avenue in the City of Columbia to the county line, and from that point another contractor was to build the road to Prentiss, the county seat of Jefferson Davis County. Moore's contract provided among other things that the contractor was to "provide, erect, and maintain all necessary barricades, sufficient red lights, approved danger signals and signs, provide a sufficient number of watchmen, and take all necessary precautions for the protection of the Work and Safety of the public."

C. C. Moore Construction Company proceeded to build the section of road contracted for, and on September 9, 1939, at the request of the field engineer of the State Highway Commission, the new section of State Highway No. 13 leading into Hawkins Avenue in the City of Columbia was opened to traffic, and the barricades at each end of the section were pulled aside. Although the section of highway built by Moore had not been finally accepted by the State Highway Commission it was practically completed and the road bed was in perfect condition. The contractor had little else to do before final acceptance except "blade" the roadway and water the sod along the sides of the road. The new sec-

tion of road came to an end in Columbia at the point where it entered Hawkins Avenue, and the intersection thus made formed an inside curve to the right of from 120 to 127 degrees.

On Sunday, September 10, 1939, at about seven o'clock at night, George H. Hayes, Jr., John Williamson, and Juanita Parker left Prentiss, Mississippi, by automobile and drove along State Highway No. 13 toward Columbia, twenty-five miles away. Hayes was driving, and Williamson and Miss Parker were sitting on the front seat with him. The automobile was a practically new, 1939 Model Chevrolet Coach, with good headlights and brakes, and otherwise in excellent condition. At a point six miles north of Columbia, Hayes drove onto the new section of Highway No. 13, which had just been opened to traffic the previous day. This new section of gravel road was straight and level, and was "in perfectly good shape". Hayes continued to drive the car at a speed of from forty to forty-five miles per hour, and when he came to the place where the highway entered Hawkins Avenue, "He put on the brakes, but it was too late." The car skidded to the south side of Hawkins Avenue and turned over, and Hayes was thrown from the car and sorely injured.

Hayes brought suit against C. C. Moore Construction Company, Inc., alleging that it had before final completion of the highway opened it to public use, and had left an abrupt end and "negligently failed to erect any barricade and negligently failed to erect any warning sign or danger signal at or near the said sharp curve where said new highway abruptly ended at its intersection with Hawkins Avenue". The case was tried to a jury which returned a verdict for the plaintiff, and from the judgment entered on that verdict the construction company has appealed.

The material facts in the case are not in controversy and it is admitted by the appellant construction company that no warning sign or other danger signal was placed along the highway at or near the point where the highway joined Hawkins Avenue at the 120 to 127 degree angle. Although the issue in the case is a relatively simple one, both the appellant and the appellee have written briefs, unduly long, in which they argued many varied theories at great length. Boiled down, the case turns upon the question of whether the contractor was under a duty to place warning signs

744

or danger signals at or near the curve, and if so, whether its failure to place such signs or signals caused or contributed to the accident which resulted in injury to the appellee.

Hayes and his companions had a right to be on the road, and the contractor was under a duty to warn the public of any defects or dangers in and along the roadway. The record shows, however, that there were no defects in and along the new section of the highway; that it was straight and level; and that on the night of the accident it was in perfect condition. The appellee testified that due to injuries received in the accident he remembered nothing about the trip from Prentiss to Columbia, but from the testimony of his companions it clearly appears that he experienced no difficulty along the road until he ran upon the curve at a speed of from forty to forty-five miles per hour. Although he was approaching the City of Columbia and was in fact within the City limits, he maintained his rapid speed until it was too late to slow down and make the curve.

The court charged the jury that it was the duty of a driver to operate his automobile at such speed as to be able to stop within the range of his vision, and further charged that under the facts shown Hayes was guilty of contributory negligence. In Mississippi, however, contributory negligence is not a bar to recovery, but only serves to diminish the damages. Sec. 511, Miss.Code, 1930.

The appellee insists that he was traveling along the highway at a lawful rate of speed, and that the curve made by the joining of State Highway No. 13 and Hawkins Avenue was so dangerous that it constituted a pitfall or death trap for unsuspecting motorists. Williamson and Miss Parker testified that approaching the curve the road had the appearance of continuing straight on. Thus the appellee seeks to come within the purview of Owens v. Fowler, 8 Cir., 32 F.2d 238; Trinidad Asphalt Mfg. Co. v. McIntosh, 5 Cir., 100 F.2d 310; and W. G. Wetmore & Co. v. Reed, 5 Cir., 98 F.2d 532, 533. These cases are unlike this one and are easily distinguishable on facts. In Owens v. Fowler the road, which was under construction, ended abruptly and without warning at a deep railroad cut, and an automobile ran over the dump at the end of the road and into the cut, and its three occupants were killed. In Trini-

dad Asphalt Mfg. Co. v. McIntosh the detour road to the right was "somewhat obscured", and the detour sign and barricade in the main highway were small and could not be seen by occupants of automobiles coming over the hill until they were dangerously close to them. Moreover, the accident occurred on a section of road which was still under construction, and three witnesses other than McIntosh testified that they had wrecks at the barricade. In the Wetmore case the automobile driven by Reed crashed through an unlighted barricade at night and plunged over the end of a fill and into a pit that had been dug by Wetmore. Wetmore was held liable, but as to Neely, who had a contract for grading the road up to the point where Wetmore took over, the judgment was reversed and it was held that he "had nothing further to do with the construction of the road. So far as his work was concerned the road was safe. His duty to warn and protect the public against any danger incident to his work was at an end before the accident. * * * It would be a matter of pure speculation for the jury to find that Neely was guilty of any negligence that could have been the cause of the accident or contributory thereto."

In the case at bar the contractor opened the road at the request of the Highway Commission's field engineer, and although the road had not been finally accepted by the State, so far as the contractor's work was concerned, the road was safe. The curve where the highway entered Hawkins Avenue did not constitute a pitfall or death trap for motorists. The curve was not in itself dangerous and could be and was safely negotiated by drivers of other automobiles traveling along the road that very night. The curve only became dangerous to appellee because of the reckless manner in which he approached it. Although it was at night and he was approaching and was in the corporate limits of Columbia, he maintained his rapid speed and made no attempt to slow down until it was too late to make the curve. It is clear from the record that Hayes was the author of his own misfortune, and the construction company was in no way guilty of negligence which caused or contributed to the accident. Cf. Graves v. Johnson, 179 Miss. 465, 176 So. 256; Coca Cola Bottling Works v. Hand, 186 Miss. 893, 191 So. 674.

The conclusion is inescapable that the failure of the appellee to have his car under proper control as he approached and

entered the curve was the sole proximate cause of the accident. The defendant's motion for an instructed verdict should have been granted.

The judgment is reversed.