These are three damage suits arising out of an automobile accident, on Christmas night, December 25, 1939, on the Old Spanish Trail Highway some eight or ten miles east of Vinton, in the Parish of Calcasieu, when an automobile belonging to Maxie Sutton but driven by his wife, the defendant in all three suits, ran into the rear of an automobile owned and operated by Armstead Mitchell, and in which were, with Mitchell, his wife, Marie Orphey Mitchell, his mother-in-law, Charlotte Breaux Orphey, another adult, and six small children, including Nancy Jane Andrus, minor daughter of George Andrus. The suits were consolidated in the lower court for the purpose of trial and submission and a separate judgment was rendered in each case. They were consolidated in our court for argument and submission, with the understanding that a separate decree would be handed down in each case.
Martin Orphey brought the suit against Mrs. Maxie Sutton and her husband for damages in the sum of $14,375.26, on account of the death of his wife, Charlotte Breaux Orphey, and for medical and burial expenses. Armstead Mitchell and his wife brought a joint suit against Mrs. Maxie Sutton, alone, for damages in the sum of $5,750, made up of personal injuries received by him, damage to his car, medical and hospital expenses incurred by him and for the loss of companionship and of past and future services of his wife caused by her injuries; his wife claims the sum of $11,000 for personal injuries received by her, consisting of a broken hip, chest and back injuries, permanent disability and physical and mental pain and suffering. George Andrus, for the use and benefit of his minor daughter, Nancy Jane Andrus, brought a suit against Mrs. Maxie Sutton, alone, for damages in the sum of $7,600, on account of physical injuries received by his minor daughter, consisting of injuries to the head, chest and leg, and for pain and suffering endured by her. The claims of the three suits aggregate $38,725.26.
The allegations of the three petitions, except as to injuries and quantum, are practically the same. In each petition, it is alleged that Armstead Mitchell, while driving eastward on the Old Spanish Trail, some time between 8:30 and 9:00 o'clock P.M., of December 25, 1939, reached a point eight or nine miles east of Vinton where the highway was entirely blocked by an automobile wrecker, engaged in pulling an automobile out of the ditch and onto the highway; that there were lighted flares on the highway, approximately 100 feet to the east and to the west of the said wrecker; that said lighted flares were visible to the driver of an approaching automobile for a distance of at least a quarter of a mile to the west; that Armstead Mitchell drove up and stopped his automobile, in which the injured persons were riding, as far over to the right or south side of the highway as it was possible to drive the said car, and at a distance of approximately 150 feet west of the wrecker, but entirely on the pavement. It is further alleged that the highway, at the scene of the accident, or where he stopped, for a distance of a mile to the east and west, is straight and level; that after the Mitchell automobile had been stopped, with all of its lights burning, and the burning flares placed on the highway to the east and west of the wrecker, for approximately three minutes, the defendant, Mrs. Maxie Sutton, driving her husband's automobile at a speed in excess of sixty miles per hour, and without slackening her speed, crashed into the rear of the Mitchell automobile, causing the death of Charlotte Breaux Orphey and the injuries to the other parties named in the several suits, as well as the damage to said Mitchell automobile.
The substance of the allegations of negligence charged to Mrs. Sutton is that she was driving at an excessive rate of speed on a rainy night when visibility was poor; that she was not keeping a proper lookout, and did not have her car under such control as to be able to stop within the range of the vision of the headlights; that she did not take the necessary steps to avoid running into the Mitchell car after she saw, or should have seen it, and that she was driving while under the influence of intoxicating liquor. In supplemental petitions in all three suits, the plaintiffs alleged as an alternative plea, that Mrs. Sutton had the last clear chance of avoiding the accident and failed to do so.
There were various exceptions filed in the suits, all of which are abandoned in this court, save the plea of prescription by Mrs. Maxie Sutton in the case of Andrus v. Sutton, which was overruled and which will be discussed later on. *Page 768 
In answers to all the suits, the defendant, Mrs. Sutton denied any negligence on her part. She alleged that she was driving at approximately 35 miles per hour; that a steady rain was falling, and she saw no lights or flares if any were burning or set out; that she was suddenly confronted with this parked Mitchell car, which was parked across the road in front of her at an angle, with its front end just off the pavement to the right and the rear end extending across the center line; that she attempted to go to her left around the Mitchell car when she discovered a short distance ahead of her a car or wrecker across the road whereupon she threw on her brakes and her car skidded into the rear end of the Mitchell car. In the alternative, she pleaded that if she was guilty of any negligence, Mitchell was guilty of contributory negligence in parking his car at an angle on the highway as above set forth.
In the suit of Martin Orphey for the death of his wife, the trial court rendered a judgment in favor of plaintiff against Mrs. Maxie Sutton in the sum of $4,350, and dismissed the suit against her husband, Maxie Sutton. In the suit of Mitchell and his wife, the trial judge rendered a judgment in favor of Mitchell for $2,033, and a judgment in favor of his wife, Marie Orphey Mitchell, in the sum of $5,000. In the suit of George Andrus, he rendered judgment in favor of the minor child, Nancy Jane Andrus, in the sum of $500. Mrs. Sutton has devolutively appealed in all three cases. Plaintiffs have failed to answer the appeals.
 Plea of Prescription.
In the Andrus suit, which was filed within the year after the accident, an exception was filed by the defendant, alleging that in the affidavit supporting the order granting the filing of the suit in forma pauperis, it was stated that the plaintiff was a resident of the State rather than that the plaintiff was a citizen of the State as the law requires. The trial judge sustained this exception, but required further affidavits showing that plaintiff was a citizen of the State, which affidavits were duly furnished and filed, but filed after the year from the accident had expired; whereupon the trial judge signed an order permitting plaintiff to continue the prosecution of the suit in forma pauperis. Defendant contends that, as the exception to the affidavit filed with the petition was sustained after the expiration of one year from the date of the accident, this had the effect of dismissing the suit, and for that reason prescription was not interrupted, and that the action had prescribed when the additional affidavits were furnished. We see no merit in this plea. The suit was not dismissed. The filing of the additional affidavits was only in the nature of supplemental pleadings in conformity with the ruling of the trial judge and which did not change the issues or substance of the demand. The suit was filed within the prescriptive period. The judge was correct in overruling the plea.
On the merits of the case, the negligence of Mrs. Sutton is so obvious that it does not require lengthy comment. She admits that she did not see the Mitchell car stopped on the highway until she was within 40 or 50 feet of it. The Mitchell car was parked on its right side of the pavement, and practically parallel with the highway. It might have been in a slightly angling position with the front part pulled slightly to the right, but we are satisfied that all of the car was south of the middle line of the pavement. The testimony is overwhelmingly to the effect that the lights on the Mitchell car were burning, both front and at least one rear; that the wrecker pulling the wrecked car across the road some 50 feet in front of the Mitchell car also had lights on it; that flares were put out to the east and to the west of the wrecker, there being one flare almost opposite the Mitchell car, some 50 feet or more west of the wrecker. This being the situation, the contention of counsel for plaintiffs "that the road was lit up like a house afire" is not unjustified, but substantiated.
The only reason that we can see for Mrs. Sutton's failure to see and heed all these lights and warnings in the road ahead of her is that she was either not looking, or she was going so fast that she found herself right on the cars before she had time to realize the situation with which she was confronted. While she testified that she was going only 35 or 40 miles per hour, and while there is no direct testimony to disprove that speed, yet the fact that she ran into the rear of the Mitchell car with such force as to cave in practically the entire rear end of the car and push it some 40 to 50 feet into a ditch, indicates to us that she was going much faster than 35 or 40 miles per hour. She says that *Page 769 
she saw the Mitchell car when within 40 or 50 feet of it and pulled to her left to go around it when for the first time she saw the wrecker and the wrecked car ahead of her blocking the road, whereupon she immediately applied her brakes at a time when she was some 15 or 20 feet back of the Mitchell car; that her car skidded on the slippery pavement and ran into the rear end of the Mitchell car. She should have seen the Mitchell car or the reflection of the lights long prior thereto. If she was confronted with an emergency, it was one of her own making.
The evidence convinces us, as it did the trial judge, that Mrs. Sutton was under the influence of intoxicating liquor at the time of the accident. A doctor who saw her two or three hours after the accident testified that she was intoxicated or as he expressed it, in a state of exhilaration. She admits taking some drinks of whiskey in the afternoon prior to the accident, but denies that she was under the influence of liquor at the time of the accident. She claims that someone offered her a drink to relieve her shock and nervous condition right after the accident, and it is urged that if the doctor found her under the influence of liquor two or three hours later, it was the result of this drink which someone gave her after the accident. She admits that she and the woman companion in the car with her had been drinking early in the afternoon and that from then on her woman companion was so drunk that she was in a stupor and knew nothing of what happened. Regardless of the extent of her intoxication, we are of the opinion that a fair inference to draw is that her condition in this respect had something to do with her reckless driving.
The defendant lays considerable stress on the alleged contributory negligence of Mitchell in stopping his car on the traveled portion of the highway, without leaving the required 15-foot clearance space on the opposite side of the road, as required by Rule 15, Section 3, of Act 286 of 1938. However, as already stated, Mitchell stopped his car on the right side of the road and kept his lights burning at a place where other lights and flares were burning, making it natural for him to assume that no one would run into such a flood of lights and parked cars blocking the road. Moreover, it is shown that the shoulder of the road was muddy and slippery and it was not necessary or practicable for him to pull his car over on the shoulder of the road, particularly in view of the fact that the wrecker and the wrecked car were completely blocking the road some 50 feet ahead of him, and with traffic completely stopped by reason of this blocking of the road. We find nothing in the record to justify a holding that Mitchell was guilty of any contributory negligence whatever, but, in our opinion, the sole and proximate cause of this accident, was the gross, and almost criminal, negligence of the defendant. As Mitchell was not guilty of any contributory negligence, we do not think it necessary to discuss the last clear chance doctrine invoked by plaintiffs in the alternative against the defendant.
As the defendant does not question, either in oral argument or in her brief, the awards made to the plaintiffs by the trial judge, we see no reasons why we should go into any extended details of the injuries or damages suffered by each claimant, but feel that under the circumstances it suffices merely to say that the awards are in line with our jurisprudence and were fully established. The judgments will be affirmed by a separate decree in each case.
LeBLANC and OTT, JJ., concur.