**FIRST NAT. BANK OF TEMPLE v. CONTINENTAL CASUALTY CO.**

No. 10297.

Circuit Court of Appeals, Fifth Circuit.

Jan. 27, 1943.

Walker Saulsbury and Byron Skelton, both of Temple, Tex., for appellant.

Allen Wight, of Dallas, Tex., for appellee.

Before SIBLEY and HUTCHESON, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

This case has been before this court on two former appeals, 5 Cir., 100 F.2d 308, 309 and 5 Cir., 116 F.2d 885, 135 A.L.R. 1141. The nature and issues will not be repeated. In the first instance, the court below had directed a verdict in favor of the Continental Casualty Co., which we reversed, saying [100 F.2d 310]:

"Considering all of the evidence, we are of opinion that the court committed error in instructing the verdict for the appellee, and that the case should have gone to the jury for its determination."

On the second appeal we found there had been error on two points, (1) in permitting expert accountants or auditors to testify to the ultimate conclusion of fact that certain transactions caused the "assets of the bank [to be] reduced by the amount of the withheld deposit slips" [116 F.2d 887], whether the unfaithful employee actually took any money at that time, or merely gave credit for and used it to cover up prior shortages in the accounts of other customers, which we thought was the crucial question of fact to be decided by the jury; (2) an instruction with respect to the consideration of this expert testimony, which, in effect, said to the jury that if they believed such statements, they should find for the bank.

In the last trial, represented by the present appeal, the jury was waived and the lower court found that as to all the items claimed, appellant had failed to prove "by a fair preponderance of the evidence that it suffered losses of its 'monies or securities', within the meaning of the bond in suit at the times alleged and in the amounts alleged."

The case was tried upon the same record as was before the court on the two former occasions, except that the conclusions of the experts with respect to the as-

sets of the bank having been reduced by the transactions described, were excluded, and their testimony was considered as that of any other witness, as contemplated by the governing rule.

It is our well considered opinion, after having had this case before us, as above stated, that it could not be and was not shown with sufficient clearness that anyone of the items claimed was a loss actually suffered by the new bank, during the period when the appellee's bond was in force. On the contrary, there is much evidence tending to establish that many of the losses accrued while the old bank was operating.

For these reasons the judgment appealed from is affirmed.