## NEWMAN et al. v. CANADIAN INDEMNITY CO. et al.

### Civ. A. No. 4013.

United States District Court
W. D. Louisiana, Opelousas Division.

Oct. 29, 1953.

Jack Rogers, Lake Charles, La., for plaintiffs.

Porteous & Johnson, New Orleans, La., for defendants.

DAWKINS, Jr., Chief Judge.

Plaintiff, a resident of Kentucky, sues here for injuries sustained by his minor son, Fred Newman, in an accident which occurred on U. S. Highway 190, in Evangeline Parish, Louisiana, on March 9, 1952.

The accident, according to the complaint, happened in this manner: Dr. Curtis J. Gillion, of Baton Rouge, Louisiana, driving his 1950 Studebaker automobile on the highway, negligently lost control of his car and crashed into a car belonging to one Earl Sylvest, which had been parked on the shoulder of the road. In the accident Harold Rachone, a passenger in the Gillion car, was thrown out upon the ground. A few minutes later, as Fred Newman, "who was present at the scene of the accident", was placing Rachone in another car to be taken to medical assistance, a pickup truck driven by one Orville O'Welch came upon the scene and negligently ran into Newman, causing the injuries and damages here claimed.

Impleaded as defendants are Canadian Indemnity Company (hereinafter called Canadian), public liability insurer of Dr.

Gillion,[1] and O'Welch. Plaintiff has settled his claims against the latter and the suit, as to him, has been dismissed. Remaining for decision is the motion to dismiss the complaint, as failing to state a claim upon which relief can be granted, filed by Canadian.

It urges that plaintiff's suit should be dismissed because it clearly shows that the sole, proximate cause of Newman's injuries was the negligence of O'Welch, not Dr. Gillion.

The pertinent articles of the complaint read as follows:

"11. Said injury to Fred Newman would not have occurred except for the negligent actions of Dr. Gillion in causing the accident and placing Fred Newman in a position of peril and was a substantial factor in causing said injury to Fred Newman.

"12. Dr. Gillion was negligent in that:

"1. he did not have his car under proper control.

"2. he was driving at an excessive rate of speed for the prevailing weather conditions and road conditions.

"3. he failed to maintain a proper look-out.

"13. Orville O'Welch was negligent in that:

"1. he did not have his car under proper control.

"2. he was driving at an excessive rate of speed for the prevailing weather conditions and road conditions.

"3. he failed to maintain a proper look-out.

"4. he failed to see or actually ignored the attempts of Airman Marvin Buthod to flag him down and warn him of said danger and then drove his car into Fred Newman."

From these allegations it is plain, we think, that Canadian's position is correct, that Dr. Gillion's negligence had expended itself. It had come to rest passively. It was the later, active negligence of O'Welch which was the prime, efficient cause of young Newman's injuries. The law of Louisiana on this point, indeed throughout the country, is uniformly to this effect.[2]

Accordingly, the motion to dismiss must be, and is hereby, sustained.

1. The suit is brought under the Louisiana Direct Action Statute, Act No. 55 of 1930, as amended, now LSA–R.S. 22:655 et seq.

2. Rector v. Allied Van Lines, La.App., 198 So. 516; Hogue v. Akin Truck Line, La. App., 16 So.2d 366; Penton v. Sears Roebuck & Co., La.App., 4 So.2d 547; Mickens v. F. Strauss & Son, La.App., 28 So.2d 84; Orphey v. Sutton, La.App., 8 So.2d 766; McCook v. Rebecca-Fabacher, Inc., La.App., 10 So.2d 512; McGehee v. Stevens, La.App., 15 So.2d 897; American Fidelity & Cas. Co., v. Patterson, Ky., 243 S.W.2d 472; Maloney v. Jussel, 125 Colo. 125, 241 P.2d 862; Car & General Ins. Corp., Ltd., U. S. Branch v. Thibaut, 5 Cir., 161 F.2d 657; Shell Oil Co. v. Slade, 5 Cir., 133 F.2d 518; C. C. Moore Const. Co. v. Hayes, 5 Cir., 119 F.2d 742; Western Union Telegraph Co. v. Stephenson, 5 Cir., 36 F.2d 47; Picou v. J. B. Luke's Sons, La.App. 1942, 11 So.2d 38; Petrich v. New Orleans City Park Improvement Association, La.App.1939, 188 So. 199; Mire v. East La. R. Co., 1890, 42 La.App. 385, 7 So. 473; Kendall v. New Orleans Public Service, La.App.1950, 45 So.2d 541; 45 Corpus Juris, 931–32, Negligence; 65 C. J.S., Negligence, § 111.